UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MAGNESITA REFRACTORIES COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CAUSE NO. 2:16-CV-524-PPS-JEM |
| SURENDRA MISHRA, | ) |
| Defendant. | ) |

## OPINION AND ORDER

On December 23, 2016, I entered an *ex parte* temporary restraining order authorizing the seizure of a laptop computer owned by defendant Surendra Mishra. I was persuaded that his employer, Magnesita, had made the requisite showing that there was a strong likelihood that Mr. Mishra was conspiring to steal Magnesita's trade secrets contained on the laptop, and the seizure needed to be taken forthwith to prevent the impending harm. Mishra argues that the seizure of his computer was improper under Rule 64 of the Federal Rules of Civil Procedure. He seeks the immediate release of his laptop and attorney's fees to boot. [DE 30.]

The issue regarding whether Rule 64 prevents the seizure of Mr. Mishra's computer that was first raised at a status conference held on January 9, 2017. [DE 29.] At the hearing, counsel for Mishra raised the issue of the potential application of Federal Rule of Civil Procedure 64 to the seizure of Mishra's laptop. Having been hit with the issue cold in court, I decided that the most prudent thing to do was to give the

parties the opportunity to brief the issue. Now that the issue is fully briefed, I find that Rule 64 has no bearing on this case.

Rule 64(a) provides:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it a applies.

Mishra argues that the last sentence of Rule 64(a) mandates that the seizure provision of the Defense of Trade Secrets Act was required to be invoked to seize his laptop, rather than a temporary restraining order issued under Federal Rule of Civil Procedure 65. [DE 31 at 5-9.] The DTSA provides a private right of action to owners of a trade secret that is misappropriated. 18 U.S.C. § 1836(b)(1). Under the DTSA, a plaintiff may move for the seizure of property necessary to prevent the propagation or dissemination of the trade secret that is the subject of the action. 18 U.S.C. § 1836(b)(2). In addition, the DTSA provides remedies in the form of an injunction, damages, and fees. 18 U.S.C. § 1836(b)(3). While one of Magnesita's substantive claims in this action arises under the DTSA, it moved for a temporary restraining order, including the seizure of Mishra's personal laptop, under Federal Rule of Civil Procedure 65, *not* the DTSA, and I granted its motion. Mishra now argues that this was inappropriate and Rule 64 required that Magnesita follow the due process requirements in the DTSA's seizure provision and its failure to do requires me to vacate all seizure orders in this case and immediately return Mishra's laptop computer.

Mishra's interpretation of Rule 64(a) ignores its purpose, which is to provide for seizure of a person or property "*to secure satisfaction of the potential judgment*." Fed. R. Civ. P. 64(a) (emphasis added); *see also* 11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2931 (3d ed.) ("Rule 64 authorizes the use of provisional remedies at the commencement and during the course of an action. These remedies provide for seizure of a person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action."). The remedies under Rule 64 include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies. Fed. R. Civ. P. 64(b); *see also* 11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2932 (3d ed.) ("Perhaps the most common form of prejudgment property seizure is attachment."). And while Rule 64 states that a federal statute governs to the extent it applies, statutes of the kind contemplated by Rule 64 address seizures for the purpose of securing the satisfaction of a potential judgment and include remedies such as imprisonment for debt, garnishment by the United States, and the freezing of assets by the district court. *See* 11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2933 (3d ed.) (collecting cases).

Here, Magnesita moved for an *ex parte* temporary restraining order pursuant to Rule 65 to preserve the evidence contained on Mishra's laptop. [DE 6.] Magnesita did not request seizure of Mishra's property for the purpose of securing assets for the satisfaction of a potential judgment in this case. Indeed, Magnesita only requested the laptop for 48 hours so that it could be imaged and returned to Mishra. In other words,

3

the seizure in this case had nothing to do with securing assets to satisfy a judgment. Rule 64 is a square peg in a round hole in this situation. It is, therefore, unsurprising that Mishra did not point me to, and I could not identify, a single case applying Rule 64 to the seizure of real property for the purpose of preservation of evidence.

What's more, although the DTSA only has been in effect since May 11, 2016, at least two other courts presiding over cases involving DTSA claims have issued temporary restraining orders under Rule 65 ordering the seizure of property without so much as a mention of Rule 64. *See Earthbound Corporation v. MiTek USA, Inc.*, C16-1150 RSM, 2016 WL 4418013, at *11 (W.D. Wash. Aug. 19, 2016) (granting a TRO requiring defendants to turn over to a neutral third-party expert all flash drives, SD cards, cell phones, and other external devices for forensic imaging); *Panera, LLC v. Nettles*, 4:16cv1181-JAR, 2016 WL 4124114, at *2-4 (E.D. Mo. Aug. 3, 2016) (granting a TRO requiring defendant to turn over his personal laptop and any other materials that may have housed plaintiff's materials for review and inspection). In other words, these courts had no problem relying on a Rule 65 temporary restraining order, rather than the DTSA, to accomplish the seizure. As a result, Rule 64 did not play into the analysis at all. As such, I find that Rule 64 does not apply to this case and Mishra's laptop was properly seized by way of the temporary restraining order I issued pursuant to Rule 65.

There is yet another reason why Mr. Mishra's motion must be denied. The DTSA seizure provision provides that the Court may not grant a request for seizure unless it finds that it clearly appears from specific facts that, among other things, "an order

4

issued pursuant to Rule 65 of the Federal Rules of Civil Procedure . . . would be inadequate to achieve the purpose of this paragraph because the party to which the order would be issued would evade, avoid, or otherwise not comply with such an order." 18 U.S.C. § 1836(b)(2)(ii)(I). As such, even if Rule 64 applied to the seizure of property for the preservation of evidence and required the application of the DTSA seizure provision in this matter, the seizure of Mishra's personal laptop by way of a Rule 65 was still appropriate because the DTSA's seizure provision would only apply if seizure could *not* be accomplished by way of Rule 65. Obviously, in this case, Rule 65 did the trick.

For these reasons, Surendra Mishra's Rule 64 Motion to Vacate Orders of Seizure, for the Immediate Release of Mishra's Laptop Computer and for Attorney Fees [DE 30] is **DENIED.** An order regarding the disposition of the laptop will follow.

**SO ORDERED**.

ENTERED: January 25, 2017

s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**