UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MAGNESITA REFRACTORIES COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:16-CV-524-PPS-JEM |
| SURENDRA MISHRA, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Third-Party Plaintiff, RSM, Ltd.'s Motion to Intervene Pursuant to FRCP, Rule 20 [DE 72], filed on June 1, 2017. RSM seeks leave to assert new claims against Plaintiff Magnesita Refractories Company.

**I. Background**

On December 19, 2016, Magnesita filed a Complaint seeking damages and injunctive relief against its prior employee, Defendant Mishra, for theft of trade secrets and other violations of the terms of his employment agreement. Several hearings have already been held in this case, a temporary restraining order has been issues, and discovery has begun with the assistance of a special master appointed by the Court.

RSM filed the instant Motion on June 1, 2017, seeking leave to enter this case and assert claims against Plaintiff Magnesita. Magnesita filed a response on June 14, 2017, and on June 21, 2017, RSM filed a reply.

**II. Standard of Review**

RSM states that it is seeking leave to intervene pursuant to Federal Rule of Civil Procedure 20. Federal Rule of Civil Procedure 20 governs permissive joinder and provides that defendants may

be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and district courts are granted wide discretion in their decisions concerning joinder, considering "whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (internal citations and quotation marks omitted). Similarly, Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In determining whether or not parties should be dropped or added under Rule 21, a court should consider whether that action "will serve the ends of justice, result in prejudice to any party, result in undue delay, or unnecessarily create duplicative litigation." *Neville v. Value City Dept. Stores, Inc.*, No. 07-cv-53-DRH, 2008 WL 2745932, at *2, 2008 U.S. Dist. LEXIS 52942, at *4 (S.D. Ill. July 11, 2008) (quotation omitted).

RSM is a nonparty seeking to be added to this cause of action as a claimant. A motion for joinder filed by a nonparty is more properly a motion for intervention under Federal Rule of Civil Procedure 24. *See City of Rockford v. Sec'y of HUD*, 69 F.R.D. 363, 366 (N.D. Ill. 1975). Wule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court has significant discretion to determine whether intervention is appropriate, and "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay

or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). There must also be independent jurisdiction over the prospective intervenor's claim. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). "Rule 24(b) vests district courts with considerable discretion when deciding whether to permit intervention by third parties seeking to protect their interests in a particular action." *Griffith v. University Hosp., L.L.C.*, 249 F.3d 658, 661-62 (7th Cir. 2001) (quotation marks omitted).

"As soon as a prospective intervenor knows or has reason to know that [its] interests might be adversely affected by the outcome of the litigation [it] must move promptly to intervene." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (quoting *United States v. South Bend Community Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983)). To determine whether a motion to intervene is timely, the Seventh Circuit has outlined four factors for a court's consideration: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Babbitt*, 214 F.3d at 949.

## III.  Analysis

In this case, RSM seeks to add itself to this case as a third-party plaintiff and assert claims for breach of contract against Plaintiff Magnesita Refractories Company arising out of an agreement between Magnesita Refratarios S.A. and RSM. RSM argues that its proposed claims arise out of the relationship between the parties in this case.

The instant Motion was filed six months after the case was filed, and does not include any arguments about timeliness. By the time the Motion was filed, an Answer had been filed and

3

hearings addressing the merits of the case had been held. Discovery in this case is well underway, and a special master has already begun the complicated electronic discovery process in this case. The delay in seeking to intervene prejudices the original parties insofar as it opens up additional areas of discovery in this case, a process which has already required significant expense and court intervention.

Furthermore, although RSM argues that its proposed claims arise out of the relationship between the parties in this case, Plaintiff Magnesita argues that it is not a party to the agency agreement, which is between RSM and Magnesita Refratarios S.A., a Brazilian company. As Magnesita argues, Defendant Mishra is not mentioned anywhere in the agency agreement. Furthermore, it is not apparent that the Court has jurisdiction over any claims arising out of the agreement, which is governed by the laws of a foreign state and contains a forum selection clause requiring disputes to be brought in Trinidad and Tobago. Rather than preventing duplicative litigation by asserting a right to relief that arises out of the same transaction or occurrence and involve overlapping proof, adding the claims will result in delay, inconvenience, and added expense to the parties and to the Court. As an initial matter, the parties would have to undergo discovery and produce briefing on the question of the identity of the Magnesita entities and whether they can appropriately be considered alter egos, a process RSM notes involves discovery "into ten different, alter-ego indicia." And, even if it is appropriate to consider the Magnesita entities as a singular party, the contract claims are governed by the law of a foreign state, determination of which will add additional time and expense to the case.

In short, RSM has not demonstrated that it acted in a timely manner in bringing the instant Motion, and allowing the new claims to be added to the instant case would delay and prejudice the

adjudication of the original parties' rights.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** third-Party Plaintiff, RSM, Ltd.'s Motion to Intervene Pursuant to FRCP, Rule 20 [DE 72].

SO ORDERED this 28th day of December, 2017.

                                           s/ John E. Martin
                                           MAGISTRATE JUDGE JOHN E. MARTIN
                                           UNITED STATES DISTRICT COURT

cc:    All counsel of record